1 | Saul Reiss, Esq.  SBN 48528
LAW OFFICES OF SAUL REISS, P.C.
2 | 2800 28TH Street
Suite 328
3 | Santa Monica, CA 90405
Telephone 310-450-2888  Fax 310-450-2885
4 | E-Mail saulreiss@verizon.net

FILED
MAY 18 2009
CLERK U.S. BANK...
CENTRAL DISTRICT...
BY:

6 | Attorney for Plaintiff
HEKMAT HEKMATRAVAN

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

In re:

EZRI NAMVAR

　　　　Debtor.
_____

HEKMAT HEKMATRAVAN,

　　　Plaintiff,

　　　vs.

EZRI NAMVAR, an individual and DOES 1
THROUGH 50, Inclusive,

　　　Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

BK Case No.: 2:08-bk-32349-BR
Chapter 11

Adversary Case No.

**COMPLAINT FOR:**

1. **NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. SECTION 523(a)(2)(A); and**
2. **NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. SECTION 523(a)(6)**

[Demand for Jury Trial]

COMES NOW, Plaintiff HEKMAT HEKMATRAVAN, who alleges as follows:

### JURISDICTION AND VENUE

1.　　　Plaintiff is informed and believes and, thereon alleges, that on or about December 22, 2008, an involuntary petition under 11 U.S.C. §33 was filed against defendant/debtor Ezri Namvar ("Defendant Namvar") imposing an automatic stay in Bankruptcy Case

1   Number 2:08-bk-32349-BR, entitled <u>In re Ezri Namvar</u>, in the United States Bankruptcy

2   Court, Central District of California.

3         2.    This matter is a core proceeding and jurisdiction of this Court is based upon

4   the provisions of 28 U.S.C. §§157(b) and 1334.

5         3.    Jurisdiction exists under U.S.C. §1334. Venue for this Adversary Proceeding

6   is proper in the Central District of California, Los Angeles Division, under 28 U.S.C.

7   §1409(a) because the underlying Chapter 11 case was filed in this Central District, Los

8   Angeles Division. The District Court has generally referred these matters to the Bankruptcy

9   Court for hearing pursuant to 28 U.S.C. §157 and applicable United States District Court of

10  California General Orders.

### THE PARTIES

11        4.    At all times material hereto, Plaintiff HEKMAT HEKMATRAVAN

12  ("Plaintiff") was and now is an individual and a resident of the County of Los Angeles, State

13  of California.

14        5.    At all times material hereto, Defendant Namvar was and now is a resident of

15  Los Angeles, California, and is, on information and belief, an owner or principal and officer

16  or director of Namco Capital Group, Inc. ("Namco").

17        6.    Upon information and belief, Defendant Namvar formed Namco with the

18  intention of avoiding personal liability for the financial scheme described herein. Plaintiff is

19  informed and believes, and thereon alleges, that Defendant Namvar used Namco as an alter

20  ego by, among other things:

21        a.    Dominated, controlled, and influenced, and does now dominate, control,

22  and influence, the corporate Namco the other officers, and directors of Namco, if any as

23  well as the business, and property of Namco;

24        b.    At all times since its incorporation, said corporate Namco has been, and

25  now is, a mere shell and naked framework which said individual Defendant Namvar has

26  used, and does use, as a conduit for the conduct of his personal business and/or property

27  affairs, and/or as obligor for the assumption of obligations and/or liabilities incapable of

28  performance by said corporate Namco, which are the obligations and liabilities of

Defendant Namvar;

c.    Defendant Namvar created said corporate Namco which is being operated pursuant to a scheme, plan and design conceived by Defendant Namvar whereby the income, revenue and profits of said corporate Namco are and/or have been converted by Defendant Namvar to his own use and benefit;

d.    There is such a unity of interest and control between said corporate Namco on the one hand, and said individual Defendant Namvar on the other hand, that the individuality and separateness of said corporate Namco and of Defendant Namvar has ceased. Adherence to the fiction of the separate existence of said corporate Namco shall improperly sanction inequity and promote injustice; and

e.    Defendant Namvar held and does now hold substantial interest in said corporate Namco.

7.    Plaintiff is unaware of the true names and capacities of the defendants designated as DOES 1 through 50, inclusive, and therefore sues such fictitiously named defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint when the true names and capacities of said fictitiously named defendants are ascertained.

8.    Plaintiff is informed and believes, and thereon alleges, that each of the defendants was the agent, alter ego, servant, co-conspirator and/or representative of each of the other remaining defendants and at all times herein relevant was acting within the authorized scope and course of said agency, conspiracy and employment and all of said acts, conduct or omissions were subsequently ratified by the respective principals and accepted by the principals of the defendants.

9.    Plaintiff is informed and believes, and thereon alleges, that each defendant was the agent, employee, servant, partner or co-conspirator of each of the other defendants or is in some other manner legally liable for the conduct and damages at issue in this action and was acting within the scope of one or more of such relationships and with the direct or implied knowledge, consent or ratification of each of the other defendants.

## THE TRANSACTIONS

10.    On or about July 25, 2007, at Los Angeles, California, Namco made, executed and delivered to Plaintiff a promissory note ("Note") in the principal amount of One Million

Five Hundred Thousand Dollars ($1,500,000.00). (A true and complete copy of the Note is attached hereto as Exhibit "1", attached hereto and made a part hereof by this reference).

11.    The Note provides for payment monthly of interest in arrears on the unpaid balance at the rate of seven and 3/4 percent (7.75%) per annum.

12.    The Note further provides that the entire balance of principal and any unpaid interest would become due and payable on thirty (30) days advance notice.

13.    The Note also provides that, should a default occur in the payment of any installment when due, or in the performance of any obligation in the trust deed securing payment of the Note, the whole sum of principal and interest shall at the election of the holder become immediately due and payable.

14.    As of the date of this Complaint, the outstanding principal balance on the Note is the sum of One Million Five Hundred Thousand Dollars ($1,500,000.00). Interest has been through the end of September 2008.

15.    Concurrently with the execution of the Note, Defendant Namvar made executed and delivered to Plaintiff his written personal, guaranty of the obligations of Namco, which is an entity owned by Defendant Namvar. The guaranty language is contained in the Note.

16.    As security for the performance of their obligations under the Note, Namco and Defendant Namvar delivered to Plaintiff a check in the amount of One Million Five Hundred Thousand Dollars ($1,500,000.00) designated as collateral ("Check"), thereby creating in Plaintiff a security interest in the bank accounts of Defendant Namco at Security Pacific Bank, which was a bank controlled by Defendant Namvar and as to which he is the President and Chairman of the Board of Directors. (A true and complete copy of the Check is attached hereto as Exhibit "2", attached hereto and made a part hereof by this reference).

17.    When Plaintiff asked Namco and Defendant Namvar for the return of his money by payment in full of the Note, they informed Plaintiff that they are unable to pay either the principal or interest on the Note unless and until certain properties on which they purportedly held promissory notes were sold and accordingly written demand for payment would be a futile act.

18.    Namco and Defendant Namvar have failed and refused to pay the amount demanded, or any other amounts due under the Note.

19. On or about October 6, 2008, Namco and Defendant Namvar further breached the terms of the Note by notifying Plaintiff that they would no longer pay the agreed upon interest rate of seven and 3/4 percent (7.75%), but would pay five percent (5%). (A true and complete copy of said notification is attached hereto as Exhibit "3" and made a part hereof by this reference).

20. As of the date of the filing of this Complaint, Namco and Defendant Namvar have failed and refused to pay the amount demanded, or any other amounts due under the Note.

21. By the terms of the Note, Namco and Defendant Namvar promised that if any action were commenced to enforce said documents applicable signatory defendant would pay Plaintiff's reasonable attorney's fees and costs.

22. Defendants do not deny the debts owed to Plaintiff and list Plaintiff as a creditor.

23. In the event, Defendants dispute the debts owed to Plaintiff, Plaintiff will seek leave to amend his Complaint.

24. Beginning in or about July 25, 2007, Defendants made the following misrepresentations and material omissions, among others, to Plaintiff:

Misrepresentations:

a. Representing to Plaintiff, both expressly and through a continuous course of conduct, that the funds given in exchange for the Note were loaned to Namco and would be used for legitimate business purposes, when in fact, the funds were intended and in fact delivered to Defendant Namvar and his family members to fund their "Ponzi" scheme;

b. Representing to Plaintiff, both expressly and through a continuous course of conduct, that Defendant Namvar was solvent and capable of paying the obligations, when in fact, Defendant Namvar was insolvent;

c. Representing to Plaintiff, both expressly and through a continuous course of conduct, that Namco was solvent and capable of paying the obligations, when in fact, Namco was insolvent;

COMPLAINT

d.      Representing to Plaintiff, both expressly and through a continuous course of conduct, that the Check was valid security for the Note, when in fact, the Check was non-negotiable;

e.      Representing to Plaintiff, both expressly and through a continuous course of conduct, that the Check was valid security for the money owed on the Note, when in fact, the Check would not be honored;

f.      Representing to Plaintiff, both expressly and through a continuous course of conduct, that the they were unable to pay either the principal or interest on the Note unless and until certain properties on which they purportedly held promissory notes were sold, when in fact, Defendant Namvar and Namco had no intention of paying either the principal or the interest on the Note.

Material omissions:

g.      At all pertinent times, Defendants failed to disclose that the funds given in exchange for the Note were intended and in fact delivered to Defendant Namvar and his family members to fund their "Ponzi" scheme;

h.      At all pertinent times, Defendants failed to disclose that Defendant Namvar was insolvent;

i.      At all pertinent times, Defendants failed to disclose that Namco was insolvent;

j.      At all pertinent times, Defendants failed to disclose that the Check not valid security for the Note;

k.      At all pertinent times, Defendants failed to disclose that the Check was would not be honored; and

l.      At all pertinent times, Defendants failed to disclose that they had no intention of paying either the principal or the interest on the note.

## FIRST CAUSE OF ACTION FOR NONDISCHARGEABILITY
## OF DEBT PURSUANT TO 11 U.S.C. §523(a)(2)(A)
### (AGAINST ALL DEFENDANTS)

25.      Plaintiff hereby incorporates by reference each and every allegation of paragraphs 1 through 24 as though fully set forth herein.

26.  Plaintiff alleges that the obligations due and owing to Plaintiff by Defendants are nondischargeable by reason of Bankruptcy Code §523(a)(2)(A), based upon the false pretenses, false representations and actual fraud, as set forth in this Complaint.

27.  Plaintiff is informed and believes, and thereon alleges, that each of Defendants' inducements and representations were false and were part of a larger illegal financial scheme and but for such false promises and inducements and actual fraud, Plaintiff would not have given his money to Defendants.

28.  Plaintiff is informed and believe, and thereon allege, that Defendants' conduct rose to the level of fraud as defined under Bankruptcy Code §523(a)(2)(A) and that Defendants' conduct was done with the intention to willfully and maliciously cause injury to Plaintiff, or with a willful and malicious intent which resulted in injury to Plaintiff, all as defined under Bankruptcy Code §523(a)(2)(A).

29.  As a direct and proximate result of Defendants' false, fraudulent or deceptive acts, Plaintiff has sustained damages in an amount according to proof, but in no event less than One and Half Million Dollars ($1,500,000.00) plus interest at the rate of seven and 3/4 percent (7.75%) per annum from October 1, 2008 to the date of entry of judgment.

30.  As a further result of Defendants' conduct, Plaintiff has been required to expend attorneys' fees and costs in a sum according to proof at trial.

31.  Pursuant to Bankruptcy Court §523(a)(2)(A), the debt incurred by Defendants to Plaintiff is nondischargeable.

## SECOND CAUSE OF ACTION FOR NONDISCHARGEABILITY
## OF DEBT PURSUANT TO 11 U.S.C. §523(a)(6)
### (AGAINST ALL DEFENDANTS)

32.  Plaintiff hereby incorporates by reference each and every allegation of paragraphs 1 through 31 as though fully set forth herein.

33.  Plaintiff alleges that the obligations due and owing to Plaintiff by Defendants are nondischargeable by reason of Bankruptcy Court §523(a)(6), based upon willful and malicious injury by Defendants to another entity or to the property of another entity as set forth in this Complaint.

-7-

34. On information and belief, each of Defendants' inducements and representations, as well as Defendants' defalcation and theft/conversion, was false and or unlawful and Defendants' knew or should have known at the time they were false and unlawful, and were made by Defendants with the specific intent and purpose of inducing Plaintiff to enter into a contract and/or to steal from Plaintiff.

35. As a result of Defendants' false representations and theft/conversion, as set forth in this Complaint, Defendants received a benefit from Plaintiff in the amount of no less than One and Half Million Dollars ($1,500,000.00).

36. As s result of Defendants' fraud or defalcation, Plaintiff was damaged in the amount of no less than One and Half Million Dollars ($1,500,000.00) plus interest at the rate of seven and 3/4 percent (7.75%) per annum from October 1, 2008 to the date of entry of judgment.

37. As a further result of Defendants' conduct, Plaintiff has been required to expend attorneys' fees and costs in a sum according to proof at trial.

38. Pursuant to <u>Bankruptcy Court</u> §523(a)(6), the debt incurred by Defendants to Plaintiff is nondischargeable.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff prays for judgment as follows:

<u>AS TO THE FIRST CAUSE OF ACTION:</u>

1. For a determination of nondischargeability of debt against Defendants pursuant to 11 U.S.C. §523(a)(2)(A);

2. For a judgment against Defendants in the amount of no less than One and Half Million Dollars ($1,500,000.00) plus interest at the rate of seven and 3/4 percent (7.75%) per annum from October 1, 2008;

3. For an award of attorneys' fees and costs incurred herein for bringing this action and for the collection of a judgment of nondischargeability against Defendants.

<u>AS TO THE SECOND CAUSE OF ACTION:</u>

1. For a determination of nondischargeability of debt against Defendants pursuant to 11 U.S.C. §523(a)(6);

2.    For a judgment against Defendants in the amount of no less than One and Half Million Dollars ($1,500,000.00) plus interest at the rate of seven and 3/4 percent (7.75%) per annum from October 1, 2008;

3.    For an award of attorneys' fees and costs incurred herein for bringing this action and for the collection of a judgment of nondischargeability against Defendants.

ON ALL CAUSES OF ACTION:

1.    For such other and further relief as the Court may deem just and proper.

Dated: May 15, 2009                          LAW OFFICES OF SAUL REISS, P.C.


                                             By:_____
                                                Saul Reiss, Esq.
                                                Attorney for Plaintiff
                                                FARID AFRA administrator of
                                                the FARID AFRA PROFIT
                                                SHARING PLAN

1

Recycled  Stock # DO-25-SS

# PROMISSORY NOTE

Los Angeles, California

Dated: July 25, 2007

**$1,500,000.00**

For value received, the undersigned (sometimes referred to herein as "NAMCO") promises to pay, without notice, demand, grace, deduction or offset, to Hekmat Hekmatravan and/or Haideh Hekmatravan ("Holder"), in lawful money of the United States, in immediately available funds, the principal sum of One Million Five Hundred Thousand and 00/100 **Dollars ($1,500,000.00),** together with interest thereon on December 25, 2007 (the "Maturity Date"),at 1119 Hillcrest Road, Beverly CA 90210 or such other place as the Holder hereof may designate. The Maturity Date shall be subject to extension as set forth below.

The outstanding principal amount of this Note shall bear interest at the rate of seven and three quarter **Percent (7.75%)** per annum calculated on a 360/360 basis; that is by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the number of days the principal balance is outstanding (based on 30 days a month) . Interest only on the unpaid principal amount outstanding under this Note from time to time shall be payable, in arrears, on the first day of each calendar month beginning September 1, 2007 without notice, grace, demand, deduction or offset, until and including the Maturity Date, on which date, the principal amount hereof, together with all accrued and unpaid interest payable by the undersigned hereunder, shall be due and payable.

Notwithstanding any other provision of this Note, either party may notify the other for the pay off in writing at least 30 days before the undersigned shall become obligated to repay the principal sum of this Note. This provision applies to the Maturity Date as well.

Holder understands, and is fully aware, that Namco shall have no obligation to repay the unpaid principal under this Note until the Maturity Date, subject to the above terms, and if Holder desires repayment before the Maturity Date, as same may be extended pursuant to the preceding paragraph, the early repayment may cause material financial damage to Namco. The Holder may demand repayment of this Note prior to Maturity Date, provided Holder gives Namco the thirty (30) day written notice mentioned above.
In the event of any misrepresentation, breach of warranty, or other failure by the undersigned, or any party, to perform its obligations under this Note, all unpaid principal and interest under this Note shall, at Holder's sole discretion, be immediately due and payable, without demand, notice or presentment.

No amendment, modification, or waiver of any provision of this Note, nor consent to any departure by the undersigned therefrom shall be effective, irrespective of any course of dealing, unless the same shall be in writing and signed by the Holder, and then such waiver of consent shall be effective only in the specific instance and for the specific purpose for which given.

The options, powers and rights of the Holder specified herein are in addition to, and not in lieu of, those authorized by applicable law.

Notwithstanding anything set forth in this Note, no interest payment or interest rate charged hereunder shall exceed the maximum amount or rate permitted under applicable law.



The undersigned agrees to pay all costs and expenses incurred or payable by Holder in connection with any litigation brought for the enforcement or collection of this Note, including court costs and attorneys' fees and costs actually incurred.

To the extent permitted by applicable law, the undersigned waives notice of protest, presentment, demand and any other notice in connection with the collection of this Note.

This Note shall be prepayable upon no less than thirty (30) days written notice to Holder.

This Note shall be binding on the undersigned, its successors and assigns and shall inure to the benefit of Holder, its successors and assigns.

Any payment hereunder which is required to be made on a day which is not a business day in the City of Los Angeles shall be payable on the next immediately succeeding business day and such additional time shall be included in the computation of interest.

This Note shall be governed by, and construed in accordance with, the laws of the State of California, and subject to such laws, shall be construed in accordance with the Heter Iskoh policies observed by the undersigned.

This Note replaces and supersedes all prior instruments, documents and agreements which evidence the indebtedness represented by this Note, all of which prior instruments, documents and agreements, shall be null and void and of no force or effect.

Namco Capital Group, Inc.

Ezri Namvar-President

This Note is personally guaranteed by

Ezri Namvar



**2**

Tabs Co. 1-800-322-3022

Recycled Stock # DO-25-SS

NAMCO CAPITAL GROUP, INC.                                          816
12121 WILSHIRE BLVD., NO. 1400
LOS ANGELES, CA 90025                  DATE _____        90-3861/1222
                                                                    01

PAY TO THE
ORDER OF _HEKMAT HEKMATRAVAN_____| $ 1,500,000 —

_ONE MILLION FIVE HUNDRED THOUSAND & 00/100 —_ DOLLARS 🔒

**S SECURITY PACIFIC BANK**
       846 N. Euclid Avenue • Ontario, CA 91762 • 909-983-4600

                                        Money Market

FOR _COLLATERAL_____

⑈122238611⑈0816  001⑈717626⑈

**3**

# NAMCO

12121 Wilshire Boulevard, Suite 1400 • Los Angeles, CA 90025
Tel: (310) 207-1000    Fax: (310) 207-6308

October 6, 2008

To Whom It May Concern:

In light of the current economic crisis we are experiencing, Namco Capital
Group, Inc. has reduced your interest rate to five percent (5%). We
apologize for any inconvenience this may have caused you.

Sincerely,

Namco Capital Group, Inc.

FORM B104 (08/07)

2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Hekmat Hekmatravan | **DEFENDANTS**<br>Ezri Namvar, an individual and DOES 1 through 50, inclusive |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Saul Reiss, Law Offices of Saul Reiss, PC, 2800 28th St., #328,<br>Santa Monica, Ca 90405, Tel. 310/450-2888, Fax. 310/450-2885,<br>E-mail: saulreiss@verizon.net | **ATTORNEYS** (If Known) |
|---|---|

RECEIVED
MAY 18 2009
U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                 Deputy Clerk

| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) Nondischargeability of debt pursuant to 11 USC Section 523(a)(2)(A), and
(2) Nondischargeability of debt pursuant to 11 USC Section 523(a)(6)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 1,500,000.00 |

**Other Relief Sought**
(1) For determination of nondischargeability pursuant to 11 U.S.C. Section 523(a)(2)(A); (2) For determination of nondischargeability of debt pursuant to 11 U.S.C. Section 523(a)(6); (3) For a judgment against Defendants; (4) For award of attorneys' fees; and (5) For such other and further relief as the Court may deem just and proper

FORM B104 (08/07), page 2                                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| **NAME OF DEBTOR**<br>Ezri Namvar | **BANKRUPTCY CASE NO.**<br>2:08bk-32349-BR |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central | Los Angeles | |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

| DATE<br>5-18-09 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Saul Reiss |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

Saul Reiss, SBN 48528
Law Offices of Saul Reiss, P.C.
2800 28th Street, Suite 328
Santa Monica, Ca 90405
Tel. 310-450-2888
Fax. 310-450-2885
e-mail: saulreiss@verizon.net

*Attorney for Plaintiff* Hekmat Hekmatravan

FOR COURT USE ONLY

RECEIVED
MAY 1 8 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                         Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

    Ezri Namvar

                                          Debtor.

Hekmat Hekmatravan,

                                          Plaintiff(s),

                    vs.

Ezri Namvar, an individual and DOES 1 through 50, inclusive,

                                          Defendant(s).

CHAPTER 11

CASE NUMBER 2:08-bk-32349-BR

ADVERSARY NUMBER

*(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*

## SUMMONS AND NOTICE OF STATUS CONFERENCE

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|

☒ **255 East Temple Street, Los Angeles**          ☐ **411 West Fourth Street, Santa Ana**

☐ **21041 Burbank Boulevard, Woodland Hills**      ☐ **1415 State Street, Santa Barbara**

☐ **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

JON D. CERETTO
**Clerk of the Bankruptcy Court**

By: _____
                         *Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*                                              **F 7004-1**

| In re | Summons and Notice of Status Conference - Page 2 (SHORT TITLE) | F 7004-1 |
|---|---|---|
| Ezri Namvar | Debtor(s). | CASE NO.: 2:08-bk-32349-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as _____

_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):** On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date | Type Name | Signature |
|---|---|---|
| _____ | _____ | _____ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)

**F 7004-1**

| Summons and Notice of Status Conference  - *Page 3* | | **F 7004-1** |
|---|---|---|
| In re                    (SHORT TITLE) | | CASE NO.: 2:08-bk-32349-BR |
| Ezri Namvar | Debtor(s). | |

**ADDITIONAL SERVICE INFORMATION** (if needed):

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*

**F 7004-1**